**Burnett GODBEE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 16-17211

**Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

(February 14, 2018)

Orlando do Campo, do Campo & Thornton, PA, Miami, FL, for Petitioner-Appellant

Burnett Godbee, Pro Se

Sivashree Sundaram, U.S. Attorney's Office, Fort Lauderdale, FL, Wifredo A. Ferrer, Emily M. Smachetti, Karen Olivia-Marie Stewart, U.S. Attorney's Office, Miami, FL, for Respondent-Appellee

Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Burnett Godbee appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence for conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951, attempted Hobbs Act robbery, 18 U.S.C. § 1951, discharge of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). Godbee contends *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), invalidated 18 U.S.C. § 924(c)(3)(B), and his convictions for Hobbs Act robbery and conspiracy to commit Hobbs Act robbery do not otherwise qualify as crimes of violence under § 924(c)(3)(A).

When we granted Godbee a certificate of appealability on whether *Johnson*'s void-for-vagueness ruling extends to § 924(c)(3)(B), we had not yet addressed the issue. We have, however, since concluded that *Johnson*'s void-for-vagueness ruling does not extend to § 924(c)(3)(B). *See Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017). Godbee's claim is foreclos-

ed by *Ovalles*. Therefore, the denial of his § 2255 motion is

**AFFIRMED.**